**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

———————————————————————

CHRISTOPHER J. VAZQUEZ,

                                        Plaintiff,

        v.                                                          1:21-CV-1359
                                                                    (DNH/CFH)
TIMES UNION NEWSPAPER,

                                        Defendant.

———————————————————————

**APPEARANCES:**

Christopher J. Vazquez
45 Arnold Avenue, Unit 2
Amsterdam, New York 12010
Plaintiff pro se

**CHRISTIAN F. HUMMEL**
**U.S. Magistrate Judge**

### REPORT-RECOMMENDATION & ORDER

#### I.  In Forma Pauperis

On December 20, 2021, this case was removed from Albany County Supreme Court to this Court.  Plaintiff pro se[1] Christopher J. Vazquez's only submission was a letter written to the attention of "the U.S. District Court of Albany, N.Y." stating that he wanted his case "ruled out" of the Supreme Court and "executed by The U.S. District Court of Albany, N.Y.  See Dkt. No. 1.  Plaintiff did not pay the filing fee or submit an application for leave to proceed in forma pauperis ("IFP").  See id.  Therefore, the Court administratively closed the case with an opportunity to comply with the filing fee

———————————————————————

[1] Plaintiff has two other actions he recently commenced in this district, Vazquez v. Dollar General Corporation, 1:21-CV-330 (BKS/CFH) (Judgment of dismissal filed Nov. 21, 2021) and Vazquez v. Hometown Health Center of Amsterdam, N.Y., 1:21-CV-1371 (MAD/CFH).

requirement.  See Dkt. No. 2.  That Order directed plaintiff to either submit the full $402

filing fee or complete an IFP application within thirty days of the filing date of the Order.

See Dkt. No. 2.  The administrative closure order was filed on December 21, 2021.  See

Dkt. No. 2.  Thus, plaintiff had until January 20, 2022, to timely pay the filing fee or file

an application for leave to proceed IFP. Plaintiff was sent a copy of this order by both

certified mail and regular mail.  The Court did not receive from plaintiff an in forma

pauperis application or the payment of the filing fee within thirty days of the filing of the

administrative closure order.  On February 28, 2022, 39 days past the deadline set forth

in the administrative closure order, plaintiff submitted an untimely in forma pauperis

application.  See Dkt. No. 3.

Despite the late in forma pauperis application, given the fact that plaintiff is

proceeding pro se, and due to special solicitude, the undersigned will consider this

belated filing.  After reviewing plaintiff's in forma pauperis application, it is determined

that plaintiff is financially qualified to proceed in forma pauperis for the purpose of filing.

Thus, the in forma pauperis application is granted.[2]


## II.  Legal Standard

Section 1915(e)[3] of Title 28 of the United States Code directs that, when a

plaintiff seeks to proceed IFP, "the court shall dismiss the case at any time if the court

---

[2]  Plaintiff is advised that he will still be required to pay any costs and fees that he may incur in this matter, including, but not limited to, any copying fees or witness fees.

[3] The language of 1915 suggests an intent to limit availability of IFP status to prison inmates. See 28 U.S.C. § 1915(a)(1) (authorizing the commencement of an action without prepayment of fees "by a person who submits an affidavit that includes a statement of all assets such prisoner possesses"). The courts have construed that section, however, as making IFP status available to any litigant who can meet the governing financial criteria. See, e.g., Fridman v. City of N.Y., 195 F. Supp. 2d 534, 536 n.1 (S.D.N.Y. 2002).

determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B).  It is a court's responsibility to determine that a plaintiff may properly maintain his complaint before permitting him to proceed with his action.  Where the plaintiff is proceeding pro se, the court must consider the claims "liberally" and "interpret them 'to raise the strongest arguments that they suggest.'"  Cold Stone Creamery, Inc. v. Gorman, 361 F. App'x 282, 286 (2d Cir. 2010) (summary order) (quoting Brownell v. Krom, 446 F.3d 305, 310 (2d Cir. 2006)).  "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." Iqbal, 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Hernandez v. Coughlin, 18 F.3d 133, 136 (2d Cir. 1994).  A pro se litigant's pleadings are held to a less strict standard than those drafted by an attorney.  See Fed. Express Corp. v. Holowecki, 552 U.S. 389, 402 (2008) ("Even in the formal litigation context, pro se litigants are held to a lesser pleading standard than other parties.").  Because plaintiff is proceeding pro se, the Court construes his pleadings "to raise the strongest arguments that they suggest." See Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 475 (2d Cir. 2006) (per curiam) (internal quotation marks omitted).  However, this "does not exempt a [pro se litigant] from compliance with relevant rules of procedural and substantive law."  Traguth v. Zuck, 710 F.2d 90, 95 (2d Cir. 1983).

　　　　Pleading guidelines are set forth in the Federal Rules of Civil Procedure. Specifically, Rule 8 provides that a pleading which sets forth a claim for relief shall

contain, inter alia, "a short and plain statement of the claim showing that the pleader is entitled to relief."  See FED. R. CIV. P. 8(a)(2).  "The purpose . . . is to give fair notice of the claim being asserted so as to permit the adverse party the opportunity to file a responsive answer, prepare an adequate defense and determine whether the doctrine of res judicata is applicable."  Flores v. Graphtex, 189 F.R.D. 54, 54 (N.D.N.Y. 1999) (internal quotation marks and citations omitted).  Rule 8 also requires the pleading to include:

> (1) a short and plain statement of the grounds for the court's jurisdiction . . . ;

> (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and

> (3) a demand for the relief sought . . . .

FED. R. CIV. P. 8(a).  Although "[n]o technical form is required," the Federal Rules make clear that each allegation contained in the pleading "must be simple, concise, and direct."  Id. at 8(d).

Further, Rule 10 of the Federal Rules provides:

> [a] party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances.  A later pleading may refer by number to a paragraph in an earlier pleading.  If doing so would promote clarity, each claim founded on a separate transaction or occurrence – and each defense other than a denial – must be stated in a separate count or defense.

FED. R. CIV. P. 10(b).  This serves the purpose of "provid[ing] an easy mode of identification for referring to a particular paragraph in a prior pleading[.]"  Flores, 189 F.R.D. at 54 (internal quotation marks and citations omitted).

> "In reviewing a complaint . . . the court must accept the material facts alleged in the complaint as true and construe all reasonable inferences in the plaintiff's favor."  Hernandez v. Coughlin, 18 F.3d 133, 136 (2d Cir.

> 1994) (citation omitted). However, "the tenet that a court must accept as
> true all of the allegations contained in a complaint is inapplicable to legal
> conclusions. Threadbare recitals of the elements of a cause of action,
> supported by mere conclusory statements, do not suffice."

Ashcroft v. Iqbal, 556 U.S. 622, 678 (2009). A court should not dismiss a complaint if the plaintiff has stated "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citation omitted).

Allegations that "are so vague as to fail to give the defendants adequate notice of the claims against them" are subject to dismissal. Sheehy v. Brown, 335 F. App'x 102, 104 (2d Cir. 2009) (summary order). Indeed, a complaint that fails to comply with these pleading requirements "presents far too a heavy burden in terms of defendants' duty to shape a comprehensive defense and provides no meaningful basis for the Court to assess the sufficiency of their claims." Gonzales v. Wing, 167 F.R.D. 352, 355 (N.D.N.Y. 1996). As the Second Circuit has held, "[w]hen a complaint does not comply with the requirement that it be short and plain, the court has the power, on its own initiative . . . to dismiss the complaint." Salahuddin v. Cuomo, 861 F.2d 40, 42 (2d Cir. 1988) (citations omitted). However, "[d]ismissal . . . is usually reserved for those cases in which the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised." Id. (citations omitted).

### III.  Initial Review

### A.  Complaint

Plaintiff does not submit a formal complaint in this matter.  His only submission is a two-page, handwritten letter that states that he wanted his case transferred from state supreme court to the United States District Court.  Dkt. No. 1.  The letter indicates that he seeks to sue defendant Times Union Newspaper "for emotional distress."  Dkt. No. 1 at 1.  The letter further provides that he was "fired for no good reason."  Id.  Plaintiff states that his manager, Brian Harrison, "was totally aware of my circumstances in having the responsibility of being a new father."  Id.  He further states that Harrison, "along with the company," "agreed to bring me on board and then completely violated our agreement of my time frame for the job."  Id.  Plaintiff provides that "Brian [Harrison] became upset, we had an exchange of words, he did not like that, and he decided to dishonorably let me go."  Id.  Plaintiff demands "$55,000 USD from the company for this emotional distress and abuse of their 'position.'"  Id.

### B.  § 1915 Review of Complaint

Plaintiff's complaint fails to meet the pleading standards of Fed. R. Civ. P. 8 and 10.  First, plaintiff provides almost no context to his allegations.  He does not provide a date of termination.  Thus, the Court is fully unable to address the statue of limitations to determine whether his claim is timely.  Further, plaintiff fails to demonstrate this Court's jurisdiction as he demonstrates neither federal question jurisdiction nor diversity jurisdiction.

To properly allege diversity jurisdiction, plaintiff must allege (1) diversity of citizenship between the parties, and (2) an amount in controversy that exceeds $75,000.  See 28 U.S.C. § 1332(a).  Here, plaintiff cannot establish diversity jurisdiction

because plaintiff and defendants are all citizens of the same state, New York.  Plaintiff provides that he lives in Amsterdam, New York, and the Times Union Newspaper is headquartered in New York State.  Further, the amount in controversy is less than $75,000.  See Dkt. No. 1 at 2.  Because plaintiff cannot establish that he and defendant are citizens of different states and that the amount in controversy is greater than $75,000, plaintiff has failed to establish, and cannot establish, the existence of diversity jurisdiction.

In addition, plaintiff has also failed to establish federal question jurisdiction as he has not set forth a federal law claim.  28 U.S.C. § 1331 confers onto federal courts subject matter jurisdiction over all federal questions, or "all civil actions arising under the Constitution, laws, or treaties of the United States."  Federal question jurisdiction exists where the complaint "establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on a resolution of a substantial question of federal law."  Franchise Tax Bd. v. Construction Laborers Vacation Trust, 463 U.S. 1, 27-28 (1983).

Plaintiff identifies no statute under which his complaint is brought.  Although he alleges "emotional distress," there is no federal claim for emotional distress.  It appears plaintiff is seeking to claim either intentional infliction of emotional distress or negligent infliction of emotional distress, but such claims would fall under New York State law.

Liberally read, plaintiff contends that he was terminated because defendant "violated" an "agreement," apparently about the start time or potentially the hours he would work.  See Dkt. No. 1.  Even if the Court were to consider this contention as an attempt at alleging a breach of contract claim, plaintiff provides no proof of a contract or

any kind of agreement setting forth his employment terms. Further, a breach of contract claim would also not properly be before this Court as, in the absence of diversity jurisdiction, such a claim would also be addressed under New York State law.[4]

Although, generally, this Court has the discretion to exercise its supplemental jurisdiction to review state law claims in some cases, Block v. First Blood Assocs., 988 F.2d 344, 351 (2d Cir. 1993), where there is no meritorious federal claim before the Court, the district court should decline to exercise its supplemental jurisdiction to review any related state law claims. See, e.g., Purgess v. Sharrock, 33 F.3d 134 (2d Cir. 1994); 28 U.S.C. § 1367(c). As plaintiff has pleaded no federal claim, the Court cannot exercise supplemental jurisdiction to reach plaintiff's potential state law claims.

Generally, in cases involving pro se plaintiffs, a court should not dismiss a complaint without granting leave to amend "at least once" "when a liberal reading of the complaint gives any indication that a valid claim might be stated." Branum v. Clark, 927 F.2d 698, 704-05 (2d Cir. 1991). However, an opportunity to amend is not required where "the problem with [the plaintiff's] causes of action is substantive" such that "better pleading will not cure it." Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000); see also Cortec Indus. Inc. v. Sum Holding L.P., 949 F.2d 42, 48 (2d Cir. 1991) ("Of course, where a plaintiff is unable to allege any fact sufficient to support its claim, a complaint should be dismissed with prejudice."). Although the undersigned recognizes that

---

[4] The Court notes that these allegations also do not satisfy a claim for Title VII because, to the extent plaintiff may seek to alleged that he was terminated, in part, based on discrimination due to his status as a father, such parental status is not a protected class under Title VII. "Title VII of the Civil Right Act of 1964 makes it unlawful 'for an employer ... to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin.'" Volpe v. Connecticut Dep't of Mental Health & Addiction Servs., 88 F. Supp. 3d 67, 71 (D. Conn. 2015) (quoting 42 U.S.C. § 2000e–2(a)(1)). Indeed, "[c]ourts have interpreted membership in the protected classes narrowly and strictly textual." Id. (citation omitted).

dismissal with prejudice is a harsh remedy, leave to amend would be futile as the

defects in plaintiff's claims cannot be cured with a better pleading as the problems are

substantive.  See Cuoco, 222 F.3d at 112; Ruffolo v. Oppenheimer & Co., 987 F.2d

129, 131 (2d Cir. 1993).  Accordingly, it is recommended that dismissal be with

prejudice and without opportunity to amend.  However, it is recommended that the

dismissal be without prejudice to plaintiff seeking to bring his complaint in an

appropriate state court, should he wish to do so.[5]


## IV.  Conclusion

**WHEREFORE**, for the reasons set forth herein, it is hereby

**ORDERED**, that plaintiff's belated in forma pauperis application (dkt. no. 3) will

be considered, and, upon consideration, is **GRANTED** for the purpose of filing only; and

it is

**RECOMMENDED**, that plaintiff's "complaint" (dkt. no. 1) be **DISMISSED with**

**prejudice and without leave to amend**, but without prejudice to plaintiff attempting to

bring the case in the appropriate state court should he wish to do so.

**IT IS SO ORDERED.**

Pursuant to 28 U.S.C. § 636(b)(1), plaintiff has **FOURTEEN (14)** days within which to

file written objections to the foregoing report.  Such objections shall be filed with the

Clerk of the Court.  **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN**

**(14) DAYS WILL PRECLUDE APPELLATE REVIEW**.  See Roldan v. Racette, 984

---

[5]  The Court makes no finding as to whether plaintiff can successfully or properly bring this claim in state court, either for timeliness or on the merits.

F.2d 85, 89 (2d Cir. 1993) (citing Small v. Sec'y of Health and Human Servs., 892 F.2d

15, 16 (2d Cir. 1989)); see also 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72 & 6(a).[6]

Dated: March 1, 2022
Albany, New York

Christian F. Hummel
U.S. Magistrate Judge

---

[6] If you are proceeding pro se and are served with this Report-Recommendation & Order by mail, three (3) additional days will be added to the fourteen (14) day period, meaning that you have seventeen (17) days from the date the Report-Recommendation & Order was mailed to you to serve and file objections. FED. R. CIV. P. 6(d). If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday. Id. § 6(a)(1)(c).